Moss *et al. v.* Humphrey.

Where goods were attached in the hands of an assignee, and where under an issue joined, the facts were found, " That the defendant in making an assignment for the benefit of his creditors, had kept back a portion of his property, and all of his choses in action ; " held, that the assignment was fraudulent and void, and could not protect the property from attachment.

If, after an assignment for the benefit of creditors, the property of the assignor is attached in the hands of the assignee, and if the pleadings involve the question as to the validity of such assignment, and if the facts found, show the assignment to be fraudulent, it may be declared by the court as invalid and of no effect against the attachment.

Where the investigation and ¦ facts found on a trial, are responsive to the pleadings, the finding of the court in reference to those facts will be considered appropriate, and may justify a court in declaring an assignment to be of no effect against an attachment.

*Appeal from Muscatine District Court.*

*Opinion by* Greene, J. At the commencement of this suit, an attachment was issued in favor of Isaac M. Moss and brother, against James A. Humphrey. Before the action was commenced, Humphrey had made an assignment to D. C. Cloud. The attachment was levied upon the goods in his hands, and upon him as garnishee. In the court below the assignment was disregarded, the attachment sustained, and judgment rendered against the defendant, and the assignee as garnishee. It is now claimed by the defendant that the proceedings below were erroneous, for the reason that the plaintiffs could not attach the property, after it had been assigned for the benefit of all defendant's creditors.

Under the pleadings, the validity of the assignment was put directly in issue, and submitted to the court without a jury. The court found the defendant indebted to the plaintiffs in the sum of $699 39, "and do further find that the assignment heretofore made by defendant, was, and is fraudulent and void, as to the plaintiffs'," &c. Here the court found the facts which constitute a fraudulent assignment, and decided that the legal effect of such fraudulent assignment was to render it invalid, as to the plaintiffs' attachment. It appears by the bill of exceptions, that the "defendant had kept back a portion of his property, not exempt from execution, and all of his choses in action." It cannot be doubted that such facts, designing a wrong so flagrant upon creditors, show a partial and fraudulent assignment, and such as should not protect the property in the hands of the assignee from attachment. And still, under these facts, it is contended that the court erred in deciding that the plaintiffs' being creditors of the assignor, were not bound by said assignment, and that the assignor took no title to the property which had been thus assigned. It is insisted that the assignment is general, and for the benefit of all the creditors of the assignor, and is in strict compliance with the Code.

No objection is made to the form of the assignment. The assignor was doubtless politic enough to have an assignment prepared that would be *prima facie* conformable to law. Notwithstanding these formal regularities, the record before us is an illustration of the fact, that the reality is not always disclosed by the form; that the external shape is not always a sure test of the internal condition. In this case, the assignment purports to be for the general benefit of creditors; while the facts show that it was made for the especial benefit of the assignor, at the expense of the creditors.

The investigation and the facts disclosed were responsive to the issue joined under the pleadings; consequently the finding and decision of the court were intrinsic and

appropriate, and the facts found under the issue fully justified the court in deciding the assignment to be invalid and of no effect against the attachment.

Judgment affirmed.

*Cloud* and *O'Connor*, for appellants.

*Jacob Butler*, for appellee.